UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES W. BURCHARD,

        Plaintiff,

    v.                                              Case No. 20-C-306

KAREN NELLESSEN and
MELISSA JOHNSON,

        Defendants.

## SCREENING ORDER

      Plaintiff James W. Burchard, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a previous order, the court dismissed Plaintiff's original complaint and directed Plaintiff to file an amended complaint curing the defects identified by the court. On June 3, 2020, Plaintiff filed an amended complaint. The court will now screen the complaint pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

      The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on November 13, 2019, he was seen by P.T. staff member Karen Nellessen for his back pain. During the appointment, he was advised to lay down on a traction table. Nellessen pumped a device full of air, told Plaintiff to relax for ten minutes, and walked away. Within five minutes, Plaintiff heard a popping sound in his left ear and felt a sharp pain in his neck. Nellessen returned and asked Plaintiff if he was okay. Plaintiff told her what had happened, and she released him from the strap on the table.

Plaintiff experienced neck pain and a headache in his left temple and believed he needed to see a chiropractor. On November 18, 2019, Plaintiff submitted a health service request explaining what had happened and asking for help. He received a response indicating that his

concerns would be addressed at his next appointment. Melissa Johnson told Plaintiff that the institution did not have a chiropractor and that they do not send inmates out of the institution. She offered Plaintiff Tylenol and sent him back to his cell. On November 22, 2019, Plaintiff submitted a health services request complaining of neck pain. Johnson again advised Plaintiff that the institution did not send inmates out for chiropractic treatment and ordered more physical therapy. Plaintiff declined to participate in physical therapy. Plaintiff claims that, although he has constant neck pain, he is only offered ice and Tylenol and is refused x-rays.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts claims of deliberate indifference against Defendants Nellessen and Johnson. The Supreme Court in *Estelle v. Gamble* held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. 429 U.S. 97, 104 (1976). To state a claim of deliberate indifference, an inmate must allege "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations omitted). What constitutes a sufficiently "serious medical condition" under the first prong is "far from self-defining." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "It is clear that the Supreme Court contemplated that medical conditions far less critical than 'life-threatening' would be encompassed by the term." *Id.* Seventh Circuit cases demonstrate a broad range of medical conditions that "may be sufficient to meet the

objective prong of a deliberate indifference claim." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). As to the second prong of the deliberate indifference standard, the official must have acted out of "deliberate indifference" to the inmate's health or safety. *Id.* Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994). Thus, subjective knowledge of the risk is required. *Id.* at 838.

Plaintiff asserts that the defendants were deliberately indifferent because they failed to send him to a chiropractor to treat his neck pain. While the Eighth Amendment does not require that physicians or medical staff comply with the treatment preferences of a prisoner, *see Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003), the Seventh Circuit has recognized that a delay in effective treatment may support a claim of deliberate indifference, "especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Plaintiff alleges that Johnson continued to prescribe him Tylenol even though he continued to be in constant pain. Based on these allegations, Plaintiff may proceed on his deliberate indifference claim against Johnson. But his complaint contains no allegations that Nellessen knew of his continued pain or requests to see a chiropractor. Plaintiff does not allege that he saw or contacted Nellessen after his November 13, 2019 physical therapy appointment. Plaintiff has therefore failed to state a deliberate indifference claim against Nellessen. The court finds that Plaintiff may proceed on the following claim: a deliberate indifference claim against Johnson.

**IT IS THEREFORE ORDERED** that Karen Nellessen is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's amended complaint and

4

this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal

rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 4th day of June, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court