UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES WILLIAM BURCHARD,

        Plaintiff,

        v.                      Case No. 20-C-306

MELISSA A. JOHNSON,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff James William Burchard, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendant Melissa Johnson acted with deliberate indifference when she did not send him to a chiropractor and offered him only ice and Tylenol despite his complaints of continuous neck pain. This matter comes before the court on Defendant's motion for summary judgment on exhaustion grounds. For the reasons that follow, Defendant's motion for summary judgment will be granted and the case will be dismissed without prejudice.

## BACKGROUND

Because Plaintiff did not respond to Defendant's proposed findings of fact, they are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). Plaintiff was an inmate at Dodge Correctional Institution from October 23, 2019 to December 26, 2019. He was then transferred to Racine Correctional Institution where he is currently housed. The Dodge General Population Handbook advises inmates that they must "file

a complaint within 14 calendar days after the occurrence giving rise to the complaint." Plaintiff did not file an inmate complaint about Defendant, neck pain, wanting to see a chiropractor, or inadequate medical treatment. In other words, Plaintiff did not file an inmate complaint related to his claims in this lawsuit.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Defendant asserts this case should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(1); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citation omitted). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01(1). To fully exhaust administrative remedies in Wisconsin, the inmate must file a complaint with the Inmate Complaint Examiner within fourteen calendar days of the incident, § DOC 310.07(2), appeal an adverse decision within fourteen days of that decision, § DOC 310.12, and await a final decision from the Office of the DOC Secretary, § DOC 310.13.

Plaintiff does not dispute that he did not exhaust his administrative remedies regarding the claims in this lawsuit. Instead, he rhetorically asks why he should be expected to "follow chain of command procedures" and exhaust his administrative remedies when he is in severe pain. Dkt. No. 23 at 1. Again, the PLRA requires that inmates fully exhaust and complete each step of the administrative grievance process before filing a lawsuit. *See* 42 U.S.C. § 1997e(1). Because

Plaintiff failed to do so and has not shown that administrative remedies were unavailable to him, his claims must be dismissed.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (Dkt. No. 17) is **GRANTED**. This case is dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge